UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 14-2961(DSD/JSM)

Diana Hoppes,

        Plaintiff,

v.                                      **ORDER**

The Independence Building Owners
Assoc., Mr. Chuck Frias of Frias
Properties and Mr. Ben Morris,
Pres. of Assoc.,

        Defendants.

    Diana Hoppes, 5400 Vernon Avenue, #106, Edina, MN 55436, pro se.

This matter is before the court upon the pro se application to proceed in forma pauperis by plaintiff Diana Hoppes. Based on a review of the file, and for the following reasons, the court denies the application and dismisses this action under 28 U.S.C. § 1915(e)(2)(B)(ii).

**BACKGROUND**

On July 21, 2014, Hoppes filed the instant action against defendants Independence Building Owners' Association, Chuck Frias and Ben Morris (collectively, defendants). In her complaint, Hoppes seeks "an emergency injunction" to stop the July 22, 2014, foreclosure "of units #205 & #206, Independence Building" in Aspen, Colorado. Compl. at 3.

Hoppes alleges that the instant matter is a "counterclaim to [defendants'] foreclosure action" and that she is "alleging fraud." Id. at 4. Hoppes argues that venue is proper in the District of Minnesota because the instant matter is a "[m]atter of multiple jurisdictions."[1] Id. at 3. On July 21, 2014, Hoppes moved to proceed in forma pauperis (IFP).

## DISCUSSION

When reviewing an application to proceed in forma pauperis, a court "shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Here, Hoppes alleges a claim for fraud. Though the complaint is not a model of clarity, Hoppes alleges (1) "[w]rongful advertising indicating 'agency'," (2) that defendants "[d]id not preserve or protect the property," (3) "[m]isappropriation of funds," (4) that defendants did "not forward[] critical first class mail, (5) conflicts of interest, (6) "[u]ndisclosed business relationship," (7) "[l]ack of fiduciary duties, (8) that a

---

[1] The court notes that venue is likely not proper in the District of Minnesota. Under 28 U.S.C. § 1391(b), venue is generally proper in a judicial district in which (1) defendant(s) reside or (2) a substantial part of the events giving rise to the claim occurred. Because the court dismisses the instant matter, however, it need not consider questions of venue at this time.

"director instructed the property [manager] 'not to rent'," (9) that "[f]iduciaries engaged in an effort to obtain ownership" and (10) conspiracy to interfere with her ownership. Compl. at 4.

Such allegations fall far short of stating a plausible claim for fraud. Under Rule 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." To satisfy the heightened pleading requirement, a plaintiff must set forth the "who, what, where, when, and how" of an alleged fraud. United States ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006) (citation and internal quotation marks omitted). In other words, a plaintiff must plead "the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007) (citation and internal quotation marks omitted). In the complaint, however, Hoppes has provided scant detail regarding the allegedly-fraudulent conduct that constitutes her claim. Rather, Hoppes has pleaded only "conclusory allegations that ... defendant[s'] conduct was fraudulent and deceptive [which] are not sufficient to satisfy" Rule 9(b). Schaller Tel. Co. V. Golden Sky Sys., Inc., 298 F.3d 736, 746 (8th Cir. 2002) (citation and internal quotation marks omitted). As a result, Hoppes has failed to state a claim for fraud. Having determined that the complaint fails to state a claim

on which relief may be granted, the court must dismiss this action. 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The application to proceed in forma pauperis [ECF No. 2] is denied; and

2. The action is dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 22, 2014

                                                s/David S. Doty
                                                David S. Doty, Judge
                                                United States District Court